UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TROY D. HOLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-CV-281-RLJ-CHS ) |
| JEFF CASSIDY and SULLIVAN COUNTY JAIL, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On November 18, 2021, the Court entered an order providing that Plaintiff would have thirty days from the date of entry of that order to file the required documents to proceed *in forma pauperis* and notifying Plaintiff that if he failed to timely file those documents, the Court would presume that he is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution [Doc. 4 p. 1–2]. More than thirty days have passed, and Plaintiff has not filed the required documents to proceed *in forma pauperis* or otherwise communicated with the Court. Accordingly, for the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **DENIED**, Plaintiff will be **ASSESSED** the $400 filing fee, and this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that

> failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely file the required *in forma pauperis* documents was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's order requiring him to file the relevant documents but chose not to comply. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not been served. As to the third factor, as noted above, the Court's order requiring Plaintiff to file the relevant *in forma papueris* documents warned him that failure to timely comply would result in dismissal of this action [Doc. 4 p. 1–2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff seeks to proceed *in forma pauperis* herein and has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **DENIED**, Plaintiff will be **ASSESSED** the filing fee of $400.00, and this action will be **DISMISSED**. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to

the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $400.00 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate trust accounts at Plaintiff's current facility and the Court's financial deputy. This order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

ENTER:

s/ Leon Jordan<br>United States District Judge