UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TROY D. HOLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-CV-281-RLJ-CHS |
| ) | |
| JEFF CASSIDY and SULLIVAN COUNTY ) | |
| JAIL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

Plaintiff, a prisoner of the Sullivan County Detention Center, filed a pro se complaint for violation of 42 U.S.C. § 1983 claiming that unnamed medical providers did not provide him adequate treatment after six of his cellmates beat him up [Doc. 1 p. 3-4], that is now before the Court for screening. For the reasons set forth below, Plaintiff will have thirty (30) days from the date of entry of this order to file an amended complaint.

**I.     SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. ANALYSIS

In his complaint, Plaintiff alleges that on October 31, 2021, six of his cellmates woke him up and began beating and kicking him in his back, head, and face [Doc. 1 p. 3–4]. This attack caused Plaintiff's teeth to be knocked loose, a large knot on his head, and for Plaintiff to feel like he had broken ribs in his back [*Id.* at 4]. Plaintiff was taken to the jail medical unit after this attack, but medical providers "refused to do anything but check [his] blood pressure twice and g[i]ve [him] 2 ibuprofen" [*Id.*]. Plaintiff has sued Sullivan County Sheriff Jeff Cassidy and Sullivan County Jail [*Id.* at 1, 3]. As relief, he requests that Defendant Sheriff Cassidy be fired, to be allowed to file motions, a fast and speedy jury trial, and punitive and compensatory damages [*Id.* at 4–5].

But while Plaintiff has named Sheriff Jeff Cassidy as a Defendant, this Defendant cannot be liable for actions of others based solely on his position as Sheriff, and Plaintiff has not set forth any factual allegations from which the Court can plausibly infer that this Defendant was personally involved in any violation of his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2002)

(noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to this Defendant.

Also, while Plaintiff has named the Sullivan County Jail as a Defendant, this is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"). Moreover, Plaintiff does not allege that a custom or policy of Sullivan County has caused any violation of his constitutional rights, such that the Court could liberally construe the complaint to state a claim upon which relief may be granted under § 1983 against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, as filed. Nevertheless, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint for the limited purpose of setting forth a short and plain statement of facts setting forth each alleged denial of medical care to him after his cellmates' attack on him and the individual(s) responsible.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

2. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

3. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

4. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge