UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TROY D. HOLLINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:21-CV-281-RLJ-CHS |
| JEFF CASSIDY and SULLIVAN COUNTY JAIL, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is an action in which Plaintiff, an inmate of the Sullivan County Detention Center proceeding pro se, seeks relief for violation of 42 U.S.C. § 1983 [Doc. 1]. On January 12, 2022, the Court dismissed this action due to Plaintiff's failure to timely file the documents required to proceed *in forma pauperis* [Docs. 6, 7]. Then, on January 31, 2022, the Court received a motion from Plaintiff requesting that the Court to reconsider this dismissal in which he indicated that he had been unable to mail the required *in forma pauperis* document due to jail officials not wanting to complete the document, his lack of an envelope, and his confinement "in the hole" [Doc. 8 p. 1]. Plaintiff filed the required *in forma pauperis* document that he had failed to timely file with this motion [Doc. 9].

On April 13, 2022, the Court granted Plaintiff's motion to reconsider [Doc. 10], and entered an order screening Plaintiff's original complaint, finding that this complaint failed to state a claim upon which relief may be granted under §1983 as filed, allowing Plaintiff to file an amended complaint within thirty days of entry of that order, and notifying Plaintiff that failure to timely comply would result in dismissal of this action for failure to prosecute and failure to follow Court orders [Doc. 11]. More than thirty days have passed, and Plaintiff has not complied with this order

or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to comply with a Court order.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's order is due to his willfulness or fault, as it appears that he received the Court's order and chose not to comply. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not been served. As to the third factor, the Court notified Plaintiff in its previous order that failure to timely comply therewith would result in dismissal of this action [*Id.* at 4]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, he has failed to comply with the Court's clear instructions, and it does not

appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order and Local Rule, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge